760 F.2d 872
 William P. FARMER, Jr. and Carol Farmer, husband and wife, Appellants,
v.
FIRST BANK (N.A.)--PIPESTONE, Steve Grell, and Mark L.
Mosbrucker, Appellees.
Darrell R. and Cheryl A. GREENHOFF, husband and wife, Appellants,
v.
FIRST BANK (N.A.)--PIPESTONE, Mark L. Mosbrucker, Donald E.
Jensen, and Steve Grell, Appellees.
 Nos. 84-5238, 84-5239.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1985.
Decided April 23, 1985.
 
 No brief for appellants.
 No brief for appellees.
 Before ROSS, ARNOLD and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William and Carol Farmer and Darrell and Cheryl Greenhoff appeal the District Court's[1] dismissal of their complaints for failure to state a claim. For reversal, appellants allege that their complaints stated violations of the Truth in Lending Act (Act), 15 U.S.C. Sec. 1601 et seq. (1982), by the First Bank of Pipestone (Pipestone) and three of Pipestone's employees. Except as to one of the Greenhoffs' claims, we affirm.
 
 I.
 
 2
 From May of 1981 until May of 1983, the Farmers borrowed various sums in twelve transactions from Pipestone for the purpose of financing their farming operation. The loans were secured by livestock, farm products and equipment, and a real-estate mortgage. Pipestone also made four loans to the Greenhoffs to finance their farming operation from December of 1981 to March of 1982. The Greenhoff loans were secured by livestock, feed, farm equipment, and a real-estate mortgage. Both the Farmers and the Greenhoffs are currently in default on their payments to Pipestone.
 
 
 3
 On July 24, 1984, the Farmers filed a complaint in the District Court, and on July 31, 1984, the Greenhoffs filed a similar complaint. Because the complaints involved virtually identical issues of law, the District Court consolidated the two actions. Both appellants alleged that Pipestone failed to comply with the general disclosure requirements of the Truth in Lending Act, 15 U.S.C. Secs. 1601-06, 1631-32, and the right-of-rescission disclosure requirement of the Act, 15 U.S.C. Sec. 1635. Both appellants sought, inter alia, a temporary restraining order, costs, actual and punitive damages, and rescission of the loans. After oral argument and a settlement conference, the District Court dismissed the actions[2] for failure to state a claim upon which relief could be granted. This appeal followed.
 
 II.
 
 4
 After carefully reviewing the record, we agree that the Farmers failed to state a claim. As to all twelve loans, the action brought under the general disclosure provisions of the Act is time-barred by Section 1640(e) of the Act (one-year period of limitations).
 
 
 5
 Furthermore, all of the loans to the Farmers are exempt from the Act's right-of-rescission provision. The right of rescission applies only to loans secured by the debtor's principal place of residence. 15 U.S.C. Sec. 1635(a) (1982). Only one of the twelve loans is secured by a real-estate mortgage, and that loan is exempt from coverage under the agricultural-purpose exemption, 15 U.S.C. Sec. 1603(1) (1982), which applies to the entire subchapter, including Sec. 1635. See K/O Ranch, Inc. v. Norwest Bank of Black Hills, 748 F.2d 1246, 1249 (8th Cir.1984). Accordingly, the District Court properly dismissed the Farmers' complaint for failure to state a cause of action.
 
 III.
 
 6
 Careful review of the record reveals that the Greenhoffs also failed to state a claim with regard to three of their four loans. As to all four loans, the action brought under the general disclosure provisions of the Act is time-barred by Section 1640(e) of the Act (one-year period of limitation).
 
 
 7
 With regard to the right of rescission, three of the four loans are exempt from coverage under the agricultural-purpose exemption, Section 1603 of the Act. Prior to October 1, 1982, Section 1603(5) exempted from coverage loans obtained primarily for agricultural purposes in which the total amount financed exceeded $25,000. Three of the loans to the Greenhoffs were consummated prior to October 1, 1982, and exceeded $25,000. The Greenhoffs admit that they were engaged in "the business of agricultural production," and it is clear from the complaint that all of the loans were obtained for agricultural purposes. As such, the loans are exempt from coverage under the agricultural-purpose exemption of the Act. Because this exemption applies to the entire subchapter, these three loans are not covered by the Act's right-of-rescission provision, Section 1635. See K/O Ranch, Inc. v. Norwest Bank of Black Hills, supra, 748 F.2d at 1249.
 
 
 8
 The Greenhoffs' fourth loan was also consummated prior to October 1, 1982, but it did not exceed $25,000. It is therefore not subject to the agricultural-purpose exemption. This loan is secured by a mortgage on real property. The record indicates this property includes living premises which may have been used or intended for use as the principal dwelling place of the Greenhoffs. Section 1635 of the Act provides a right of rescission as to consumer-credit transactions secured by the consumer's principal place of residence.[3] Therefore, as to this fourth loan, the complaint is not subject to dismissal on its face for failure to state a claim for rescission. We therefore vacate the judgment as to this one claim and remand this issue to the District Court for further consideration. We note that if on remand it appears that the Greenhoffs have a right of rescission, the District Court has the discretion to determine whether the exercise of that right is contingent on repayment of the loan principal. See Rudisell v. Fifth Third Bank, 622 F.2d 243, 254 (6th Cir.1980).
 
 
 9
 While appellants' primary contentions relate to the Truth in Lending Act, both complaints set forth a variety of additional claims against Pipestone, listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaints and agree with the District Court that the additional claims are without merit. Accordingly, as to the Farmers' complaint, the judgment of the District Court is affirmed. As to the Greenhoffs' complaint, the judgment of the District Court is affirmed in part, and vacated and remanded in part. Each party shall bear his, her, or its own costs on this appeal.[4]
 
 
 10
 It is so ordered.
 
 
 
 [1]
 The Hon. Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 The District Court also denied Pipestone's motion for an order requiring appellants to pay the costs of defending the action
 
 
 [3]
 Prior to October 1, 1982, Section 1635(a) extended the right of rescission to loans secured by real property "used or ... expected to be used as the residence of the person to whom credit is extended."
 
 
 [4]
 After this case was submitted to the panel for decision, appellants filed a motion to dismiss their appeal "without prejudice." This motion is denied. Ordinarily, an appellant may dismiss his own appeal for any reason, but the effect of such a dismissal is to leave the judgment appealed from in effect. Evidently, this is not what appellants have in mind. By using the phrase "without prejudice," they apparently ask us to relieve them of the effect of the judgment of the District Court. Such an action would be unfair to the appellees, especially after the appeal has proceeded and is ready for decision
 We also have before us a motion of appellees for double damages and costs. This motion is denied.